IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER BAITY,

    Petitioner,

vs.                                               4:10cv553-SPM/WCS

LARRY CAMPBELL and
WILLIAM EGGS,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus, motion to proceed in forma pauperis, and motion to appoint counsel. Docs. 1-3.

The petition was filed on forms used by prisoners to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. That appears to be the correct avenue of relief (rather than a petition pursuant to 28 U.S.C. § 2254) as Petitioner is apparently in custody on pending charges. See Stacey v. Warden, Apelike Correctional Inst., 854 F.2d 401, 403, and n. 1 (11th Cir. 1988), *citing* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) *and* Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).

Petitioner does not specify the nature of his current charge, but indicates he is represented by counsel in state court. He alleges that his accuser has admitted that her statement to law enforcement was untruthful, and that the evidence actually points to her as the guilty party. He alleges there is insufficient evidence to show that any crime at all took place before death occurred so there is no support for a felony murder charge. He alleges that there is no evidence that he was at the scene of the accident, that he was the driver of the vehicle, or that he was even in the car. He claims to have been held some 340 days in jail without bond, and that his counsel has not moved for release on bond in violation of his right to effective assistance of counsel. According to the form petition, none of the claims have been raised in state court. For relief, Petitioner asks this court to dismiss the charges and release him immediately.

Habeas corpus relief is available to a pretrial detainee only if the petitioner is in custody for purposes of § 2241, has exhausted his state court remedies, and "special circumstances" justify federal review. Dickerson, 816 F.2d at 224-27; Braden, 410 U.S. at 489-91, 93 S.Ct. at 1126-27. The third requirement is based on the well established principle "that habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." 410 U.S. at 489, 93 S.Ct. at 1127, *quoting* Ex parte Royal, 117 U.S. 241, 253, 6 S.Ct. 734, 741, 29 L.Ed. 868 (1886).

In <u>Braden</u>, the Court found that the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and did not proceed in an attempt "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." 410 U.S. at 491, 93 S.Ct. at 1128. Thus, while a state petitioner's request to force the state to trial may proceed by pretrial § 2241 petition, his request to dismiss charges or otherwise prevent prosecution may not, absent a showing of "special circumstances." <u>Dickerson</u>, 816 F.2d at 226-27, *discussing* <u>Braden</u> and <u>Brown v. Estelle</u>, 530 F.2d 1280 (5th Cir. 1976) (other citation omitted). Denial of the right to a speedy trial is not such a "special circumstance." 816 F.2d at 227 (citations omitted). *See also*, <u>Kowalski v. Watkins</u>, 544 F.2d 762, 765-66 (5th Cir. 1977) (applying the <u>Younger</u> abstention doctrine to federal habeas corpus petition, as "[there is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial.").[1]

Petitioner appears to be in custody for § 2241 purposes, but he has not exhausted state remedies or alleged any special circumstances justifying relief at this time, before he has been convicted in state court.

---

[1] Pursuant to <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and <u>Samuels v. Mackell</u>, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (decided the same day), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of bad faith prosecution, harassment, or other unusual circumstances which call for equitable relief. <u>Kowalski</u>, 544 F.2d at 764-65 (footnotes and other citations omitted). Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. 401 U.S. at 46, 49, 91 S.Ct. at 751, 753; 544 F.2d at 765, n. 6 (citing <u>Younger</u> and discussing possible circumstances where irreparable injury might be shown, other citations omitted).

It is therefore respectfully **RECOMMENDED** that the 28 U.S.C. § 2241 petition be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2010.

        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**